BLD-153                                                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3371
_____

OSCAR BAPTISTE,
                                    Appellant

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:18-cv-16826)
District Judge:  Honorable Kevin McNulty
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 26, 2020
Before:  AMBRO, GREENAWAY, Jr., and BIBAS, Circuit Judges

(Opinion filed: March 31, 2020)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Oscar Baptiste, a citizen of Panama, appeals pro se from an order of the United States District Court for the District of New Jersey granting the Government's motion to dismiss an action which sought to challenge the denial of his applications for naturalization. For the following reasons, we will grant the Government's motion to summarily affirm the District Court's order.

Baptiste entered the United States on a B-2 visitor visa in January 2001 and adjusted his status to lawful permanent resident in October 2003. In July 2007, Baptiste filed a naturalization application. Following a hearing, the United States Citizenship and Immigration Services (USCIS) denied that application on July 31, 2008, on the ground that Baptiste lacked good moral character. That conclusion was based on the consequences of Baptiste's arrest on domestic violence charges. In particular, the USCIS cited the fact that the "record reveals that there is a protective order issued against you and the court has placed you in the Family Violence Program."

Several years later, Baptiste was arrested, convicted, and sentenced on federal drug charges. See 21 U.S.C. §§ 952 and 960(b)(2)(B)(ii) (cocaine importation). After completing his sentence, Baptiste was taken into immigration custody and charged with removability for having been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B) (illicit trafficking in a controlled substance), 8 U.S.C. § 1227(a)(2)(A)(iii), and for having been convicted of a controlled substance offense, 8 U.S.C. § 1227(a)(2)(B)(i). An Immigration Judge found that Baptiste was removable and

the Board of Immigration Appeals dismissed his appeal, holding that it lacked jurisdiction over his challenge to the denial of his first naturalization application. Baptiste filed a petition for review, which we denied. Baptiste v. Att'y Gen., 776 F.3d 94, 97 (3d Cir. May 23, 2019) (not precedential) (holding, inter alia, that "BIA properly held that it lacked jurisdiction to consider Baptiste's challenge to the USCIS's 2008 denial of his naturalization application").

Meanwhile, a few months before his arrest, Baptiste had filed a second naturalization application. Because no substantive action had been taken on that application as of November 2018, Baptiste filed a mandamus petition in United States District Court for the District of New Jersey, seeking to compel the USCIS to adjudicate the application or to have the District Court declare that he is a United States citizen. While that petition was pending, the USCIS denied Baptiste's second naturalization application in an order dated February 14, 2019. The Government filed a motion to dismiss. The District Court granted that motion, explaining that this Court had denied Baptiste's petition for review "in terms that dispose of many or most of the issues" raised in his mandamus petition. Baptiste appealed. After Baptiste filed his pro se brief, the Government moved for summary affirmance. Baptiste opposes the motion summary affirmance.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the order granting the Government's motion to dismiss. See Free Speech

3

Coal., Inc. v. Att'y Gen., 677 F.3d 519, 529-30 (3d Cir. 2012). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

There is no dispute that Baptiste is not presently entitled to be naturalized. To be eligible, an individual must show that he has maintained good moral character until being admitted to citizenship. See 8 U.S.C. § 1427(a)(3); Boatswain v. Gonzales, 414 F.3d 413, 416 (2d Cir. 2005). Baptiste's aggravated felony conviction prevents him from making that showing. See 8 U.S.C. § 1101(f)(8); Al-Sharif v. U.S. Citizenship & Immigration Servs., 734 F.3d 207, 214 (3d Cir. 2013) (en banc). He asserted, therefore, that his naturalization applications should be considered nunc pro tunc as if he were not an aggravated felon. In making that argument, Baptiste claimed that the USCIS "unreasonably and arbitrarily delayed" the processing of his naturalization applications.

Baptiste's argument in foreclosed by our decision in Duran-Pichardo v. Attorney General, 695 F.3d 282, 288 (3d Cir. 2012). Like Baptiste, the petitioner in Duran-Pichardo had commenced naturalization proceedings, but then committed an aggravated felony before the application was adjudicated. The petitioner, who was subject to a final order of removal, argued that he was entitled to nunc pro tunc review of his naturalization application as if he were still eligible for citizenship. We rejected that argument, noting that a court may not grant equitable relief in contravention of the expressed intent of Congress, id. at 288 (citing Cheruku v. Att'y Gen., 662 F.3d 198, 209 (3d Cir. 2011)),

4

and the Immigration and Nationality Act expressly prohibits the naturalization of any person against whom a final order of removal has been entered, see id. at 288 (citing 8 U.S.C. § 1429). Therefore, we held that "[e]quitable relief is unavailable if it would require agency review of an alien's naturalization application while that alien is the subject of an outstanding finding of deportability or a pending removal proceeding." Id. at 288. Because Baptiste is subject to a final order of removal, he is not entitled to nunc pro tunc review of his naturalization application, for the reasons that we expressed in Duran-Pichardo.

Baptiste also argues that "the denial [of his first naturalization application] was based on an incorrect assessment of the facts underlying his state court [domestic violence] case that are not supported by the record." Mandamus Pet., 11; see also Appellant's Br., 19. For example, he characterizes the protective order entered against him as "partial" because it was issued by the police upon his release, rather than by a court. See Appellant's Opp'n to Mot. for Summ. Affirmance, 5. He also claims that he was not "placed" in the "Family Violence Program," but rather entered voluntarily. Appellant's Br., 9. These arguments, however, should have first been made in a timely appeal to an immigration officer. See 8 U.S.C. § 1447(a); 8 C.F.R. § 336.2(a). Because Baptiste did not pursue such an appeal, the District Court could not review Baptiste's challenge to the denial of his first naturalization application. See 8 U.S.C. § 1421(c) (authorizing judicial review of the denial of a naturalization application "after a hearing

5

before an immigration officer"); Escaler v. U.S. Citizen and Immigration Servs., 582 F.3d 288, 292 (2d Cir. 2009) (holding that § 1421(c) "requires the exhaustion of administrative remedies prior to seeking" judicial review). Baptiste argues that he should be excused from the exhaustion requirement because, sometime prior to July 31, 2008, an "immigration official instructed [him] to ignore any denial letter he may receive from USCIS."[1] Appellant's Br., 8 n.13. But, even assuming that we could excuse the statutory exhaustion requirement, see Booth v. Churner, 532 U.S. 731, 741 n.6 (2001), such relief would not be warranted here because Baptiste did not act diligently in pursuing this claim. Cf. Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244, 250 (3d Cir. 2002) (stating that plaintiff's diligence in pursuing administrative relief is a factor in determining whether to excuse exhaustion under ERISA).

For the foregoing reasons, we grant the Government's motion for summary affirmance and will affirm the District Court's judgment.

---

[1] The Government notes, however, that the USCIS's letter notifying Baptiste of the denial of his 2007 naturalization application clearly stated that he could request an administrative review hearing within 30 days and that, if he did not do so, the decision would be final.